UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,** § § § | |
| **Plaintiff,** § | |
| v. § | CIVIL ACTION NO. 3:26-cv-129 |
| § | |
| **HARSHA INVESTMENTS, LLC D/B/A SUPER 8 BY WYNDHAM EL PASO AIRPORT, SHRIA MANAGEMENT, LLC, AND ROY SAENZ, JR.** § § § § § | |
| **Defendants.** § | |

## ORIGINAL COMPLAINT

Plaintiff Mesa Underwriters Specialty Insurance Company (MUSIC) files this Original Complaint and would show the following:

### I. INTRODUCTION

1. This is an insurance coverage action regarding coverage for claims asserted against Harsha Investments, LLC, d/b/a Super 8 by Wyndham El Paso Airport ("Harsha"), in an Underlying Lawsuit styled *Roy Saenz, Jr. v. Harsha Investments, LLC, D/B/A Super 8 by Wyndham El Paso Airport,* no. 2025DCV4469 in the 205th Judicial District Court of El Paso County, Texas. The claims involve alleged injury caused by exposure to carbon monoxide at a Super 8 motel located at 7144 Gateway Blvd. E, El Paso, Texas 79915.

2. MUSIC issued a commercial general liability policy to Shria Management LLC ("Shria"), with 7144 Gateway Blvd., El Paso, Texas 79915 listed as the location of a covered premises under the policy. The MUSIC policy contains a total pollution exclusion.

3. MUSIC seeks a declaration that, under the total pollution exclusion, MUSIC has no duty to defend or indemnify Harsha or Shria against the claims asserted in the Underlying Lawsuit.

## II. PARTIES

4. Plaintiff MUSIC is an insurance company incorporated under the laws of the State of New Jersey and with its principal place of business in New Jersey. It is therefore a citizen of New Jersey.

5. Defendant Shria is a limited liability company. The members of Shria are Jignesh Domadia and Harsha Domadia. Jignesh Domadia and Harsha Domadia are natural persons who have established domicile in Arizona. Therefore, Shria is a citizen of Arizona. Shria may be served via its registered agent, Jignesh Domadia, at 7144 Gateway East Blvd, El Paso, Texas 79915, or at any other location where it may be found.

6. Defendant Harsha is a limited liability company. The members of Harsha are Jignesh Domadia, Harsha Domadia, Dhiru L Ramani, and Alpesh Ramani. Dhiru L Ramani and Alpesh Ramani are natural persons who have established domicile in California. Jignesh Domadia and Harsha Domadia are natural persons who have established domicile in Arizona. Therefore, Harsha is a citizen of California and Arizona. Harsha may be served via its registered agent, Jignesh Domadia, at 7144 Gateway East, El Paso, Texas 79915, or at any other location where it may be found.

7. Defendant Roy Saenz, Jr. is a natural person who has established domicile in Rockwall County, Texas. He is therefore a citizen of Texas. He may be served with process at the above address or any other location where he may be found.

### III.  JURISDICTION & VENUE

8. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of New Jersey and Defendants are citizens of California, Arizona, and Texas, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. This Court has personal jurisdiction over Defendant Mr. Saenz Jr. because he is a citizen of Texas. The Court has personal jurisdiction over Defendants Shria and Harsha because they are located in and conduct their business in Texas.

10. Venue is appropriate under 28 U.S.C. § 1391(b)(2) in that all or a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically, the insured property is located in this district.

### IV.  THE UNDERLYING LAWSUIT

11. It is alleged in the Underlying Lawsuit that Harsha owns, manages, or was at all times in control of the commercial building known as the Super 8 by Wyndham El Paso Airport located at or around 7144 Gateway Blvd., El Paso, Texas 79915 ("Insured Premises") and operates as a hotel. Exhibit 1 Original Petition Underlying Lawsuit at 2 ¶5.

12. The Underlying Lawsuit alleges that the Plaintiff, Roy Saenz, Jr., paid for a room at the Insured Premises and stayed in that room on or about September 20, 2025. *Id.* at ¶¶5 and 6.

13. According to the Underlying Lawsuit, around 3:00 a.m. on September 20, 2025, Mr. Saenz, Jr., awoke in his room with symptoms of dizziness, nausea, and disorientation which ultimately lead to Mr. Saenz Jr. being taken to the hospital, where he was treated for severe carbon monoxide poisoning. *Id.* at 2-3 ¶¶6-8.

14. The Underlying Lawsuit alleges that the high levels of carbon monoxide which Mr. Saenz Jr. was exposed was caused by a broken, leaking, and/or malfunctioning boiler or other similar equipment at the hotel and this equipment was owned, operated, managed, and controlled by Harsha. *Id.* at 3 ¶9.

15. Plaintiff asserts the following claims against Harsha in the Underlying Lawsuit: (1) that the condition of the premises was unreasonably dangerous and Harsha knew or through the exercise of reasonable care and inspection, should have known of the dangerous condition, and Harsha failed to exercise ordinary care to make the premises safe for invitees; (2) that Harsha failed to provide adequate warnings to alert Mr. Saenz Jr. of the dangers of carbon monoxide that allegedly accumulated in his room; (3) that Harsha failed to exercise the degree of care that a reasonably careful and prudent hotel owner, manager, and operator would exercise by properly installing, maintaining, and inspecting the boiler, heating equipment, and ventilation systems; (4) that Harsha failed to ensure only qualified and competent personnel serviced and maintained the boiler, heating equipment, and ventilation systems; (5) that Harsha failed to follow the manufacturer's recommendations and industry standards for the installation, inspection, and maintenance of the equipment; (6) that Harsha failed to install and maintain appropriate and functioning carbon monoxide detectors in or near guest rooms to warn occupants of the presence of carbon monoxide; (7) that Harsha's acts and omissions constitute negligence and possibly negligence per se through the violation of applicable federal, state, or local statutes, codes, and ordinances; (8) alternatively Plaintiff alleges the character of the accident is such that it would not ordinarily occur in the absence of negligence and the instrumentality that caused the injury and the premises itself was under the exclusive management and control of Harsha; and (9) Harsha's

breach of its duties and its negligent acts and omissions were a proximate cause of Plaintiff's injuries. *Id.* at 3-6 ¶¶ 12-21.

## V. THE MUSIC POLICY

16. MUSIC issued a Commercial General Liability Policy to Shria Management LLC as the named insured, bearing policy number MP013500310000701, for the policy period of April 17, 2025, to April 17, 2026. Exhibit 2 Copy of MUSIC Policy at 2 and 12-13.

17. The Policy lists the address of the Super 8–which is the location where the Underlying Plaintiff alleges he suffered carbon monoxide poisoning–as an insured location under the Policy. *Id*. at 2. The Policy provides no coverage for the claims asserted in the Underlying Lawsuit.

18. The Policy provides certain coverage for "bodily injury" caused by an "occurrence," that takes place in the "coverage territory" and occurs during the policy period. *Id.* at 42.

19. The Policy contains, by endorsement, the following exclusion which provides, in relevant part:

**TOTAL POLLUTION EXCLUSION WITH A HOSTILE FIRE EXCEPTION**

\* \* \*

This insurance does not apply to:
- **f. Pollution**
  - (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

\* \* \*

And the Policy defines **Pollutant**:

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

\* \* \*

20. Based on the foregoing exclusion, coverage is precluded under the Policy for the claims Mr. Saenz Jr. asserts occurred at the Insured Premises in the Underlying Lawsuit. See *Id*. at 66.

### VI.   COUNT ONE: DECLARATORY JUDGMENT —NO DUTY TO DEFEND OR INDEMNIFY

21. An actual and justiciable controversy exists between MUSIC and Defendants concerning their respective rights and liabilities under the MUSIC Policy.

22. The claims asserted in the Underlying Lawsuit are precluded from coverage because Mr. Saenz Jr.'s bodily injuries would not have occurred but for the discharge, dispersal, migration, release or escape of carbon monoxide, which is a "pollutant" as defined by the Policy, at the Insured Premises. Therefore, the claims asserted in the Underlying Lawsuit are excluded from coverage. This exclusion from coverage applies regardless of who was named as a party to the Underlying Lawsuit.

23. MUSIC therefore seeks a declaration pursuant to 28 U.S.C. § 2201 that MUSIC has no duty to defend Harsha–the Defendant in the Underlying Lawsuit–or Shria–the named insured under the Policy at issue in the Underlying Lawsuit–against the claims asserted in the Underlying Lawsuit and that MUSIC has no duty to indemnify Harsha or Shria for any judgment or settlement in the Underlying Lawsuit.

### VII.   RESERVATION TO AMEND

24. MUSIC reserves the right to amend this action as necessary and to include any additional claims that may be made.

## VIII. Prayer

WHEREFORE, MUSIC prays for a declaration that it has no duty to defend or indemnify Harsha or Shria against the claims raised in the Underlying Lawsuit as set forth above and for any further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matt Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR PLAINTIFF**
**MESA UNDERWRITERS SPECIALTY**
**INSURANCE COMPANY**